UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose R.C.,

        Plaintiff,

v.

Pamela Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her official capacity as Secretary of the U.S. Department of Homeland Security; Todd Lyons, in his official capacity as Acting Director of Immigration and Customs Enforcement; and David Easterwood, in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement,

        Respondents.

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**
Civil No. 26-487 ADM/DTS

---

Graham Ojala-Barbour, Esq., Ojala-Barbour Law Firm, PLLC, Saint Paul, MN, on behalf of Petitioner.

Friedrich A. P. Siekert, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Respondents.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Jose R.C.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1].[1] Petitioner has been living in the United States for more than 21 years without lawful authority, and the government is seeking to remove him. He is presently in the custody of

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies Petitioner by only his first name and last initials.

United States Immigration and Customs Enforcement ("ICE") and is being held at Fort Snelling, Minnesota. Petitioner asserts that he is being unlawfully detained because he has not been provided with a bond hearing before an immigration judge pursuant to 28 U.S.C. § 1226(a). He seeks an order requiring Respondents to release him or, alternatively, an order requiring Respondents to provide him with a bond hearing.

Respondents oppose the Petition. They argue that Petitioner is not eligible for a bond hearing because he is subject to mandatory detention under 28 U.S.C. § 1225(b)(2).

For the reasons stated below, the Petition is granted and Respondents are ordered to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).

## II. BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States in 2004 and has been living in this country for 21 years. Pet. ¶¶ 3, 6, 13, 44, 46. On January 20, 2026, Petitioner was taken into ICE custody and has been detained without a bond hearing at Fort Snelling, Minnesota. Id. ¶¶ 4, 8, 13, 47, 52.

On January 21, 2026, Petitioner filed this verified petition for habeas corpus. He seeks immediate release or a bond hearing under 8 U.S.C. § 1226(a). Id. at 17. Respondents oppose the Petition, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

For the reasons stated below, the Petition is granted and Respondents are ordered to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).

## III. DISCUSSION

A district court may grant a writ of habeas corpus to any person who demonstrates that he or she is "in custody in violation of the Constitution or laws . . . of the United States." 28

U.S.C. § 2241(c)(3).  The right to challenge the legality of a person's confinement under the habeas corpus statute "extends to . . . immigration-related detention."  Deng Chol A. v. Barr, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Demore v. Kim, 538 U.S. 510, 517 (2003)).  The Court has jurisdiction over Petitioner's claims pursuant to 28 U.S.C. §§ 1331 and 2241.

The dispositive issue in this case is whether Petitioner's detention is governed by 8 U.S.C. § 1226(a), which requires that Petitioner be provided with a bond hearing, or 8 U.S.C. § 1225(b)(2), which subjects Petitioner to mandatory detention for the duration of his removal proceedings.  See Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025) (noting the relevant distinction between the statutes is that "noncitizens detained under Section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under Section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order").

The Supreme Court has explained that § 1225(b) "authorizes the Government to detain certain aliens seeking admission into the country," whereas § 1226 "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings."  Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) (emphasis added).  Petitioner argues that § 1226(a) applies to his detention because he is already in the country, having entered more than two years ago.  Federal Respondents disagree, arguing that § 1225(b)(2) applies to aliens present in the country who have entered the United States without inspection and have not been admitted.

An overwhelming majority of courts, including the only federal court of appeals to consider the issue, have rejected the Federal Respondents' interpretation.  See Castanon-Nava v.

U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061-62 (7th Cir. 2025); Barco Mercado v. Francis, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that the government's interpretation of §1225(b)(2) has been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States"); Andres R.E. v. Bondi, No. 25-CV-3946 NEB/DLM, 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); Belsai D.S. v. Bondi, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5-6 (D. Minn. Oct. 1, 2025) (collecting cases). The Court has conducted its own independent review of the issue and agrees with the heavy majority.

An analysis of § 1225(b)(2) demonstrates that Respondents' interpretation of the statute is fundamentally flawed. Section 1225(b)(2)(A) provides in relevant part that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding." 8 U.S.C. § 1225(b)(2)(A). The provision thus applies to "(1) 'an applicant for admission' who 'the examining immigration officer determines' is (2) 'seeking admission,' and (3) 'not clearly and beyond a doubt entitled to be admitted.'" Andres, 2025 WL 3146312 at *2 (quoting 8 U.S.C. § 1225(b)(2)(A)).

Respondents interpret § 1225(b)(2)(A) to mean that any "applicant for admission" is "seeking admission." The first problem with this argument is that the definition of an "applicant for admission" is limited to "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a). Had Congress intended to include noncitizens who are "seeking admission" within this definition, it could have done so but did not. Castanon-Nava, 161 F.4th at 1061.

4

Additionally, Respondents' construction violates a cardinal rule of statutory construction because it renders the phrase "seeking admission" superfluous. Castanon-Nava, 161 F.4th at 1061; Lopez Benitez v. Francis, 795 F. Supp. 3d 475, 488 (S.D.N.Y. 2025) ("If . . . § 1225(b)(2)(A) were intended to apply to all 'applicant[s] for admission,' there would be no need to include the phrase 'seeking admission' in the statute."); Corley v. United States, 556 U.S. 303, 314 (2009) ("[O]ne of the most basic interpretive canons [is] that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.").

The interpretation urged by Respondents also contradicts the plain meaning of the statute's text. The phrase "seeking admission" implies "present-tense action." Lopez Benitez, 795 F. Supp. 3d at 488 (quoting Martinez v. Hyde, 792 F. Supp. 3d 211, 218 (D. Mass. 2025)); Andres, 2025 WL 3146312 at *2; Belsai, 2025 WL 2802947 at *6. Here, Petitioner is not actively "seeking admission" into the United States because he has been living here for more than 21 years.

Finally, a review of § 1226 further confirms that § 1226(a), rather than § 1225(b)(2), applies to aliens like Petitioner who are already present in the United States. Section 1226(a) authorizes the arrest of an alien on a warrant and provides that the Attorney General may detain or release the alien on bond or conditional parole unless the alien falls within the mandatory-detention category of § 1226(c). See 8 U.S.C. § 1226(a)(1)-(2). "Importantly, the plain text of Section 1226(c) includes noncitizens who are 'inadmissible' (meaning they have not been admitted to the United States) as well as those who are 'deportable' (meaning they were previously admitted to the United States)." Rodriguez, 779 F. Supp. 3d at 1256. The mandatory-detention category of § 1226(c) was amended in 2025 under the Laken Riley Act to

5

require the detention of an alien who is present in the United States without being admitted and is charged with, arrested for, or convicted of certain crimes. See 8 U.S.C. § 1226(c)(1)(E). If Respondent were correct that every alien present in the United States who has not been admitted is subject to mandatory detention under § 1225(b)(2), there would have been no need for Congress to amend § 1226(c). See Maldonado v. Olson, 795 F. Supp. 3d 1134, 1151 (D. Minn. 2025) (holding that government's interpretation of § 1225(b)(2) would render § 1226(c)(1)(E) superfluous).

For these reasons and others, the Court finds that Petitioner is not subject to mandatory detention under 1225(b)(2)(A). Petitioner's detention is governed by § 1226(a), and Petitioner is entitled to a bond hearing.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Jose R.C.'s Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED** as follows:

1. The Court DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. §1225(b)(2) and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. §1226.

2. Respondents are ordered to provide Petitioner with a bond redetermination hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

3. If Respondents do not provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order, Petitioner must be immediately released from detention.

4. Within 10 days of the date of this Order, the parties must provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional

proceedings in this matter are required and submit any proposals for further litigation.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

Dated:  January 28, 2026

 s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE